UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED RENTALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> KEVIN CHAMBERLAIN, <br><br> Defendant. | No. 3:12 - CV - 1466 (CSH) <br><br> DECEMBER 2, 2013 |

**RULING ON DEFENDANT'S MOTION TO DEFER CONSIDERATION OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION FOR ORDER TO REQUIRE DEFENDANT TO RESPOND TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**HAIGHT, Senior District Judge**:

### I. BACKGROUND

Plaintiff United Rentals, Inc. ("United" or "Plaintiff") is engaged in the business of renting and selling construction equipment and merchandise to the commercial and general public in the United States. Doc. 17, ¶ 2. United brings this action against its "former high level employee," District Manager Kevin Chamberlain ("Chamberlain" or "Defendant") for the alleged willful breach of an employee confidentiality, nonsolicitation, and non-competition agreement.[1] Doc. 17, ¶¶ 1-3, 6-7. On May 1, 2012, Chamberlain received notice that his position was being eliminated as part

---

[1] In particular, Chamberlain was employed by United's predecessor, RSC Equipment Rental ("RSC"). As set forth in the Amended Complaint, "United merged with RSC on or about April 30, 2012, and is the successor in interest to RSC employment agreements." Doc. 17, ¶ 3. When United refers to itself in this action, it thus "includes RSC as a predecessor." *Id.*

1

of a reduction in force. *Id.*, ¶ 8. On June 1, 2012, he entered into a severance agreement and general release with United, thereby reaffirming and acknowledging his confidentiality, nonsolicitation, and other post-termination obligations to United. *Id.* In return, Chamberlain received his base salary of $2,885.17 per week for twenty weeks and medical and dental benefits following the end of his employment. *Id.* Chamberlain subsequently became employed by United's direct competitor, H&E Equipment Services, Inc. ("H&E"), and allegedly engaged in conduct in "breach of his agreements with United." *Id.*, ¶ 10.

In the Amended Complaint, Plaintiff sets forth claims for breach of contract (employment and severance agreements), breach of the implied covenant of good faith and fair dealing, and misappropriation of trade secrets in violation of the Uniform Trade Secrets Act. United prays for injunctive relief, seeking to enjoin Chamberlain from further violation of the terms of his employment and severance agreements, forfeiture of Chamberlain's severance pay and benefits under the severance agreement, compensatory and punitive damages, attorneys' fees, and costs. *Id.*, p. 15 ("Prayer for Relief"), ¶¶ 1-6.

Pending before the Court is Chamberlain's motion [Doc. 37] to defer consideration of United's "Motion for Summary Judgment" [Doc. 32] and/or to allow additional time to respond to that motion. Namely, Chamberlain requests to defer response to that motion until the later of 60 days after the Court rules on Defendant's Motion to Dismiss or 30 days after the close of discovery. Chamberlain premises his motion on Fed. R. Civ. P. 56(d) which states that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

In support of his motion, Chamberlain's counsel, Douglas J. Varga, in an attached Affidavit, sets forth in detail the remaining discovery he believes must be accomplished on behalf of Chamberlain prior to responding to the summary judgment motion. Doc. 37-1. Such discovery includes depositions of several witnesses. *Id.*, ¶¶ 7-10.

Furthermore, Chamberlain emphasizes that he has filed a motion to dismiss and/or transfer [Doc. 21], which the Court has under advisement. The ruling on that motion may obviate Defendant's need to respond to United's summary judgment motion, which was filed "more than six months in advance of the dispositive motion deadline." Doc. 37, ¶ 3. Chamberlain thus states:

> As the Court has yet to enter a ruling on Defendant's Motion to Dismiss, requiring both the Court and the Defendant to incur the time and (in Defendant's case) the expense of engaging in summary judgment briefing is wasteful and should be avoided. Moreover, the Motion to Dismiss alternatively seeks transfer of this action to another federal district. Engaging in summary judgment briefing and disposition at this time effectively would deprive Defendant of the relief requested in a pending motion. Accordingly, Chamberlain requests that the Court defer consideration of the Motion for Summary Judgment until after the Court issues its ruling on the Motion to Dismiss.

*Id.*, ¶ 5. Chamberlain thus wishes to avoid any unnecessary expense should the Court rule in his favor on his motion to dismiss and/or transfer.

United objects to Chamberlain's requested stay. Doc. 38. United argues, *inter alia*, that Chamberlain failed to file the requisite memorandum of law in support of his motion to defer consideration, which involves disputed issues of law, D. Conn. L. Civ. R. 7(a).[2] In addition, United disputes Chamberlain's need for discovery, arguing that all factual issues upon which he purports to need discovery are "either within Chamberlain's own knowledge and/or possession, or . . . would be

---

[2] The Court notes that the text of Chamberlain's motion to defer consideration was four pages and included cites to the Federal Rules upon which he based his motion. Doc. 37, ¶¶ 4, 7. It is likely he construed that motion to contain his legal arguments.

3

legally barred from consideration by this Court." Doc. 38, p. 4. United cites, example, Chamberlain's knowledge of the facts surrounding his responsibilities while employed by United and United's employees' knowledge of, and acquiescence to his current employment, which would be "inadmissible parol evidence" of waiver with respect to the written employment and severance agreements.[3] *Id.*, p. 5.

Acknowledging that the discovery deadline of November 21, 2013 expired, United thereafter filed a "Notice of Close of Discovery Period and Motion to Require Defendant to Respond to Plaintiff's Motion for Summary Judgment." Doc. 45. In that notice and motion, United asserts that Chamberlain's motion to defer summary judgment briefing was based "primarily on the claimed need to conduct discovery" and discovery has now closed. *Id.,* p. 1. Therefore, "Defendant [should] be required to submit a response within twenty-one (21) days of the filing of [United's] Notice – that is, by December 12, 2013." *Id.* United's opposition does not address Chamberlain's pending motion to dismiss and/or transfer.

In response, on November 25, 2013, Chamberlain objected to United's latest motion and specifically to the proposed December 12, 2013 deadline for his response to the summary judgment motion. Doc. 46. That objection will be discussed in detail in Part II.B., *infra*.

---

[3] United also noted that the "Standing Order on Scheduling in Civil Cases" in this District recognizes that, absent Court order, "[t]he filing of a motion to dismiss will not result in a stay of discovery or extend the time for completing discovery." *See* D. Conn. "Standing Order" at ¶ 2(c). Here, Chamberlain has not requested that discovery be stayed or extended in light of his motion to dismiss [Doc. 21].

## II. DISCUSSION

### A. Completion of Discovery

The Second Circuit has clarified that "[o]nly in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 303-04 (2d Cir. 2003); (quoting *Hellstrom v. United States Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir.2000)); *accord Trebor Sportswear Co. v. The Ltd. Stores, Inc.*, 865 F.2d 506, 511 (2d Cir.1989) ("summary judgment may be inappropriate where the party opposing it shows . . . that he cannot at the time present facts essential to justify his opposition. The nonmoving party should not be 'railroaded' into his offer of proof in opposition to summary judgment. The nonmoving party must have had the opportunity to discover information that is essential to his opposition to the motion for summary judgment." (internal quotations and citations omitted)). *See also Applera Corp. v. MJ Research, Inc.*, 311 F.Supp. 2d 263, (D.Conn. 2004) ( "Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery.") (quoting *Miller*, 321 F.3d at 303–04).

In sum, "when a party facing an adversary's motion for summary judgment reasonably advises the court that it needs discovery to be able to present facts needed to defend the motion, the court should defer decision of the motion until the party has had the opportunity to take discovery and rebut the motion." *Commercial Cleaning Servs., L.L.C. v. Colin Serv. Sys., Inc.*, 271 F.3d 374, 386 (2d Cir.2001).

By affidavit, Chamberlain's counsel demonstrated that, in his opinion, additional discovery was necessary before Chamberlain could effectively respond to United's summary judgment motion.

Doc. 37-1, ¶¶ 7-10. Such a demonstration is proper grounds to defer consideration of a summary judgment motion until discovery is completed. *Commercial Cleaning Servs., L.L.C.*, 271 F.3d at 386. Because discovery in this action has now closed, to the extent that Chamberlain's motion to defer consideration of Plaintiff's summary judgment motion is based on his need to complete discovery, that motion will be granted *nunc pro tunc*. The Court will thus address Chamberlain's second basis to request the Court to stay summary judgment briefing beyond the discovery deadline.

### B.     Pending Motion to Dismiss And/Or Transfer

Chamberlain's second argument for the Court to defer consideration of United's summary judgment motion is his pending motion to dismiss and/or transfer [Doc. 21]. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Furthermore, the Court may modify the set case schedule "for good cause," as codified at Federal Rule of Civil Procedure 16 (b)(4).

"[T]he decision whether to issue a stay is 'firmly within a district court's discretion.'" *LaSala v. Needham & Co., Inc.*, 399 F.Supp.2d 421, 427 (S.D.N.Y.2005) (quoting *Am. Shipping Line v. Massan Shipping*, 885 F.Supp. 499, 502 (S.D.N.Y.1995)). "In deciding whether to stay proceedings, courts in the Second Circuit examine the following five factors: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Catskill Mts. Chapter of Trout Unlimited, Inc. v. United States EPA*, 630 F.Supp.2d 295, 304

(S.D.N.Y. 2009) (quoting *Volmar Distrib. v. N.Y. Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y.1993)). The Court's duty is to balance the factors on a "case-by-case basis" in which the "basic goal is to avoid prejudice." *LaSala*, 399 F.Supp.2d at 427.

In general, the party seeking the stay bears the burden of showing "good cause." *See, e.g., Fantastic Graphics, Inc. v. Hutchinson*, No. 09–CV–2514(LDW)(ETB), 2010 WL 475309, at *3 (E.D.N.Y. Feb. 8, 2010) (clarifying that party seeking stay bore burden of demonstrating good cause to stay discovery). Moreover, the pendency of a dispositive motion is not, without more, grounds for an automatic stay. *See, e.g.*, *Hollins v. U.S. Tennis Ass'n*, 469 F.Supp.2d 67, 78 (E.D.N.Y.2006) ("mere filing of a motion to dismiss did not constitute 'good cause' for the issuance of a stay" of noticed depositions). When the request to stay is based on a pending dispositive motion, the court should consider the strength of that motion. *ITT Corp. v. Travelers Cas. and Sur. Co.*, No. 3:12CV38 (RNC), 2012 WL 2944357, at *2 (July 18, 2012). In particular, a stay may be "appropriate pending resolution of a potentially dispositive motion where the pending dispositive motion 'appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law.'" *Id.* (quoting *Johnson v. New York Univ. School of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002)).

In balancing the risk of prejudice to the parties in the circumstances of this case, the Court would likely conclude that Defendant has established good cause for a stay. First, there would be no cessation of discovery in this matter in that the discovery period has now closed. Both parties presently possess all discovery should it become necessary for the Court to rule on Plaintiff's summary judgment motion following its ruling on the motion to dismiss and/or transfer. Second, Plaintiff has made no showing that it would be unduly prejudiced were it forced to await the

resolution of the motion to dismiss and/or transfer.[4] Moreover, a stay in the summary judgment briefing deadlines would protect United from incurring the expense of filing a reply to Defendant's opposition until such expense became unavoidably necessary.

Lastly, with respect to the strength of Chamberlain's motion to dismiss and/or transfer, the motion is expansive, including numerous legal issues, such as: whether Louisiana law governs this dispute and thus precludes personal jurisdiction over Chamberlain; whether Louisiana law dictates that venue is improper in this District, whether the contract claims in Counts One through Three of the Complaint fail to state claims for relief; and/or whether this case should be transferred to the Western District of Louisiana pursuant to 28 U.S.C. § 1404(a). In such circumstances, "[t]his court does not presume to predict the outcome of the motion to dismiss. However, on the record before the court, the [D]efendant's arguments are substantial and 'not unfounded in the law.'" *ITT Corp.*, 2012 WL 2944357, at *3 (quoting *Gandler v. Nazarov*, No. 94 Civ. 2272, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994)). The motion to dismiss is potentially dispositive and, until issuing its final ruling, the Court will not declare whether the arguments contained therein lack sufficient strength to succeed.

Overtaking events, however, obviate the Court's need to finalize its balancing of the parties' interests and/or assessment of the merits of the motion to dismiss and/or transfer for purposes of considering the motion to defer consideration. This week Plaintiff filed a notice of the termination of the discovery period, requesting that the Court mandate a deadline of 21 days from the end of discovery for Chamberlain to respond Plaintiff's summary judgment motion. Doc. 45. Because

---

[4] If it turns out that United's claims are not viable, there is no personal jurisdiction over Chamberlain, or venue is improper in this District, the validity of a ruling on Plaintiff's summary judgment motion would, in any event, be called into question.

discovery closed on November 21, 2013, the requested deadline for Chamberlain's response is December 12, 2013. *Id.* In objecting to that notice and motion, Defendant effectively modified his own request for the Court to defer consideration of United's summary judgment motion. Doc. 46. Specifically, Chamberlain asked the Court to deny United's motion to require his response by December 12 because he "intends to file a Cross-Motion for Summary Judgment contemporaneously *with his response* to Plaintiff's Motion for Summary Judgment *on December 16, 2013*." *Id.*, p. 1 (emphasis added). December 16 is only four days (and effectively two business days) after United's requested date of December 12 so that United will not be unduly prejudiced by having to wait a few more days for Chamberlain's response.[5] Moreover, Defendant now intends to file his response to the summary judgment motion without reference to the date upon which the Court rules on the motion to dismiss and/or transfer.

Accordingly, to the extent that Chamberlain's motion [Doc. 37] requests that he not be required to respond to Plaintiff's summary judgment motion until after the Court rules on his motion to dismiss and/or transfer, that motion has been mooted by his subsequent request to respond by December 16, 2013 [Doc. 46]. Put simply, in objecting to Plaintiff's latest motion [Doc. 45], Defendant has voluntarily agreed to file said response by December 16, 2013 – without regard to the date when the Court rules on his motion to dismiss and/or transfer.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion [Doc. 37] to defer consideration of Plaintiff's Motion for Summary Judgment [Doc. 32] is GRANTED *nunc pro tunc* with respect to awaiting

---

[5] Because December 12, 2013 is a Thursday, United will only have to wait two business days, Friday and Monday, for Chamberlain to respond.

Case 3:12-cv-01466-CSH   Document 47   Filed 12/02/13   Page 10 of 10

completion of the discovery period.  That period ended on November 21, 2013 [Doc. 43].  With respect to awaiting the Court's ruling on the motion to dismiss and/or transfer [Doc. 21], Defendant's motion [Doc. 37] to defer consideration of Plaintiff's Motion for Summary Judgment [Doc. 32] is DENIED as moot.

Plaintiff's motion [Doc. 45] for an order to require Chamberlain to respond to Plaintiff's summary judgment motion is GRANTED, as modified by the Court.  Instead of having to respond by December 12, 2013, as requested by United, Chamberlain must file his response to the summary judgment motion  on or before **December 16, 2013**, the date upon which he has represented that he will contemporaneously file his proposed cross-motion for summary judgment.

It is SO ORDERED.

Dated: New Haven, Connecticut
December 2, 2013

*/s/Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
SENIOR UNITED STATES DISTRICT JUDGE